**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Danielle Riggs | : | |
| Debtor | : | Bankruptcy No.  18-17963 AMC |

**ORDER GRANTING DEBTOR'S MOTION FOR**
**AUTHORITY TO SELL REAL PROPERTY**

AND NOW, this ___6th___ day of ___March___, 2025, upon consideration of the Motion for Authority to Sell Real Property filed by the debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby:

**ORDERED:** that the debtor is granted permission to sell their real property located at 1203 Crestview Road, Darby, PA 19023.   The Court finds the Buyer to be a purchaser in good faith.

**ORDERED:**   This order is contingent upon the liens held against the property shall be paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date.

**ORDERED:**   The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the approximate following manner according to the preliminary settlement sheet.  **See Exhibit A**

In addition to the expenses outlined in the preliminary settlement sheet the following expenses will be paid at closing:

1. Second Mortgage held by PHFA-HEMAP Mortgage: $7,000.00 **(Claim Number 8 on the Claim's Register and the subject of Adversary Proceeding Number 19-ap-0003amc related to this instant case).   See Exhibit B**

2. The Title Company shall issue a check to Scott Waterman, Chapter 13 Trustee in the amount of $5,360.41 from the real-estate closing to be used to pay remaining outstanding

general unsecured creditors, separate and aside from Claim Number 8 addressed in the immediately preceding paragraph.

3. The Title Company shall issue a check to Mitchell Lee Chambers, Esq. from the closing in the sum of $799.00.

4. The Title company shall hold in escrow $2,962.43 at the closing for Cavalry SPV.  (Said amount represents half of the lien that was avoided by the Court on or about February 14, 2019.)   The title company will issue a check to the Debtor, Danielle Riggs, in the amount of $2,962.43 once the Debtor receives a Chapter 13 Discharge.  **See Exhibit C**

5. The balance of the proceeds shall be turned over to the Debtor, Danielle Riggs, at the closing.

This Order is contingent upon the water bill and any judgments or statutory and judicial liens against the real-estate being paid at closing in an amount necessary to provide the purchaser with clear title.    Debtor shall have ninety (90) days from entry of this Order to sell the property.

The title clerk shall fax a completed settlement sheet from the closing directly to the trustee immediately upon the close of the settlement.   The title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.   The check will be made payable to Scott Waterman, Chapter 13 Trustee and the check will be mailed to 2901 St. Lawrence Ave., Ste. 100, Reading, PA 19606.

Bankruptcy Rule 6004(g), the 14 days stay as to effect of this Order is hereby waived.

BY THE COURT

_____

Dated: ___March 6___ , 2025

Honorable Ashely M. Chan
U.S. BANKRUPTCY JUDGE

# EXHIBIT A

Previous edition... | ...Handbook 4305.2

## A. Settlement Statement

U.S. Department of Housing and Urban Development

OMB Approval No. 2502-0265

| B. Type of Loan | | | | |
|---|---|---|---|---|
| 1. ☐FHA | 2. ☐FmHA | 3. ☐Conv. Unins. | 6. File Number<br>QA2025-5448 | 7. Loan Number |
| 4. ☐VA | 5. ☐Conv. Ins. | | | 8. Mortgage Insurance Case Number |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U. S. Code Section 1001 and Section 1010.

TitleExpress Settlement System
Printed 02/24/2025 at 13:15 SM

| D. NAME OF BORROWER: | Evan Chamberlain |
|---|---|
| ADDRESS: | |

| E. NAME OF SELLER: | Danielle Riggs |
|---|---|
| ADDRESS: | |

| F. NAME OF LENDER: | |
|---|---|
| ADDRESS: | |

| G. PROPERTY ADDRESS: | 1203 Crestview Road, Darby, PA 19023 |
|---|---|

| H. SETTLEMENT AGENT: | Quick Abstract, LLC |
|---|---|
| PLACE OF SETTLEMENT: | 1725 Fairmount Avenue, Philadelphia, PA 19130 |

| I. SETTLEMENT DATE: | 02/28/2025 |
|---|---|

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 155,000.00 | 401. Contract sales price | 155,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 3,780.10 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes  02/28/25 to 12/31/25 | 1,667.45 | 406. City/town taxes  02/28/25 to 12/31/25 | 1,667.45 |
| 107. County taxes  02/28/25 to 12/31/25 | 170.74 | 407. County taxes  02/28/25 to 12/31/25 | 170.74 |
| 108. School Taxes  02/28/25 to 06/30/25 | 687.11 | 408. School Taxes  02/28/25 to 06/30/25 | 687.11 |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 161,305.40 | **420. GROSS AMOUNT DUE TO SELLER** | 157,525.30 |
| **200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | 3,000.00 | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loans | | 502. Settlement charges to seller (line 1400) | 2,087.50 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of First Mortgage Loan | 112,963.74 |
| | | Pennsylvania Housing Finance A | |
| 205. | | 505. | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. School Taxes | | 512. School Taxes | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 3,000.00 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 115,051.24 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 161,305.40 | 601. Gross amount due to seller (line 420) | 157,525.30 |
| 302. Less amounts paid by/for borrower (line 220) | 3,000.00 | 602. Less reduction amount due seller (line 520) | 115,051.24 |
| **303. CASH FROM BORROWER** | 158,305.40 | **603. CASH TO SELLER** | 42,474.06 |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on line 401 above constitutes the Gross Proceeds of this transaction.

You are required by law to provide the settlement agent (Fed. Tax ID No: _____) with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN: _____ - _____ - _____ / _____ - _____ - _____    SELLER(S) SIGNATURE(S): _____ / _____

SELLER(S) NEW MAILING ADDRESS: _____

SELLER(S) PHONE NUMBERS: _____ (H) _____ (W)

Case 18-17963-amc   Doc 175   Filed 03/06/25   Entered 03/06/25 13:29:46   Desc Main
Document   Page 5 of 10

Previous editions are obsolete                                                                                                                      HUD-1 of Handbook 4305.2
U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT                                    File Number: QA2025-3448                                          PAGE 2
SETTLEMENT STATEMENT                                                 FreeExpress Settlement System  Printed 02/24/2025 at 13:15 SM

| L.  SETTLEMENT CHARGES | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| 700.  TOTAL SALES/BROKER'S COMMISSION based on price $155,000.00 @ 0.000 = | | |
| Division of commission (line 700) as follows: | | |
| 701.  $                    to | | |
| 702.  $                    to | | |
| 703.  Commission paid at Settlement | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | |
| 801.  Loan Origination Fee               % | | |
| 802.  Loan Discount                          % | | |
| 803.  Appraisal Fee | | |
| 804.  Credit Report | | |
| 805.  Lender's Inspection Fee | | |
| 806.  Mortgage Application Fee | | |
| 807.  Assumption Fee | | |
| 808. | | |
| 809. | | |
| 810. | | |
| 811. | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | |
| 901.  Interest  From            to            @$            /day | | |
| 902.  Mortgage Insurance Premium  for            to | | |
| 903.  Hazard Insurance Premium  for            to | | |
| 904. | | |
| 905. | | |
| 1000. RESERVES DEPOSITED WITH LENDER FOR | | |
| 1001.  Hazard Insurance            mo. @ $            /mo | | |
| 1002.  Mortgage Insurance            mo. @ $            /mo | | |
| 1003.  City Property Tax            mo. @ $       165.21 /mo | | |
| 1004.  County Property Tax            mo. @ $       16.92 /mo | | |
| 1005.  Annual Assessments            mo. @ $       169.92 /mo | | |
| 1009.  Aggregate Analysis Adjustment | 0.00 | 0.00 |
| 1100. TITLE CHARGES | | |
| 1101.  Settlement or closing fee       to  Quick Abstract, LLC | 250.00 | |
| 1102.  Abstract or title search | | |
| 1103.  Title examination | | |
| 1104.  Title insurance binder | | |
| 1105.  Document Preparation       to  Quick Abstract, LLC | | 150.00 |
| 1106.  Notary Fees | | |
| 1107.  Attorney's fees | | |
| (includes above items No:                              ) | | |
| 1108.  Title Insurance       to  Quick Abstract, LLC | 1,472.35 | |
| (includes above items No:                              ) | | |
| 1109.  Lender's Policy | | |
| 1110.  Owner's Policy       155,000.00  - 1,472.35 | | |
| 1111. | | |
| 1112. | | |
| 1113. | | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | |
| 1201.  Recording Fees Deed $   120.25       ; Mortgage $            ; Release $ | 120.25 | |
| 1202.  City/County tax/stamps       Deed $ 2,325.00       ; Mortgage $ | 1,162.50 | 1,162.50 |
| 1203.  State Tax/stamps       Deed $ 1,550.00       ; Mortgage $ | 775.00 | 775.00 |
| 1204.       Deed $            ; Mortgage $ | | |
| 1205. | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | |
| 1301.  Survey | | |
| 1302.  Pest Inspection | | |
| 1400. TOTAL SETTLEMENT CHARGES       (enter on lines 103, Section J and 502, Section K) | 3,780.10 | 2,087.50 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_____
Evan Chamberlain

_____
Danielle Riggs

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE
UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION
CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18:
U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this
transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

SETTLEMENT AGENT: _____  DATE: _____

# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| Danielle Riggs | : | |
| DEBTOR | : | |
| | : | |
| | : | Bky Case No.:  18-17963 JKF |
| | : | |

### CONSENT ORDER

Debtor, Danielle Riggs, through counsel, Mitchell Lee Chambers, and Counsel, Katie Housman, Esquire, for Pennsylvania Housing Finance Agency Homeowner's Emergency Mortgage Assistance Program  (PHFA-HEMAP) hereby agree to the following:

1. Debtor filed an adversary action against Pennsylvania Housing Finance Agency or PHFA-HEMAP on or about January 14, 2019.

2. The parties entered into a stipulation on or about April 1, 2019 resolving the Debtor's Adversary action.  **See Exhibit A**

3. Said stipulation  was approved by the Court on April 2, 2019.

4. Paragraph 9 of said Stipulation states "Should the Debtor fail to obtain a Chapter 13 Discharge, if this Chapter 13 Bankruptcy converts to a Chapter 7 Discharge, if the property is sold or if any lien, mortgage or encumbrance superior in priority to that of PHFA-HEMAP Mortgage is refinanced, the PHFA-HEMAP Mortgage shall survive and this agreement shall be deemed null and void without further order of this Court.

5. The parties have agreed to modify the Stipulation to allow Debtor the ability to sell her home.

6.     The parties have agreed to allow the Debtor to sell her home at 1203
       Crestview Road, Darby, Pa 19023 in exchange for $7,000.00 payment by
       Debtor to PHFA-HEMAP from the sale of said property.

7.     Upon receipt of the $7,000.00, the remaining unpaid balance of the mortgage
       shall be null and void.

8.     Upon receipt of the $7,000.00, PHFA-HEMAP will satisfy the mortgage of
       record with Delaware County.


/s/ Katie Housman, Esq.

Katie Housman, Esquire

Purcell, Krug, & Haller

Counsel for Pennsylvania Housing Agency

Homeowner's Emergency Mortgage Assistance Program

1719 N. Front Street

Harrisburg, PA 17102

DATE: March 4, 2025


/s/ Mitchell Lee Chambers, Esq.

Mitchell Lee Chambers, Esq.

Counsel for Debtor, Danielle Riggs

602 Little Gloucester Road, Suite 5

Blackwood, NJ 08012

Date:  March 4, 2025

# EXHIBIT C

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re:

Danielle Riggs
Debtor

Chapter 13

Bankruptcy No. 18-17963 JKF

## ORDER

Upon consideration of Debtor's Motion to Avoid Liens (the "Motion"), and after notice and opportunity for a hearing, it is hereby ORDERED and DECREED that:

1. The Motion is granted;

2. The lien affecting any interest of Debtor in property (the "Liens") obtained by Cavalry SPV, LLC by judgment is hereby avoided and declared null and void. The avoidance is effective upon discharge.

3. All property affected by the Liens.

BY THE COURT

Dated    February 14    , 2019

_____
United States Bankruptcy Judge
Jean K. FitzSimon

cc:
Mitchell Lee Chambers, Esq.
602 Little Gloucester Road, Suite 5
Blackwood, NJ 08012

Scott Waterman, Trustee
2901 St. Lawrence Ave.
Reading, PA 19606

Cavalry SPV, LLC
C/O Managing Officer
500 Summitt Lake Drive
Valhala, NY 10595

Danielle Riggs
1203 Crestview Road
Darby, PA 19023